Minute Order Form:(06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3563 | **DATE** | 4/18/2002 |
| **CASE TITLE** | Struck vs. US | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 7-1) for summary judgment is denied. Parties are given to May 20, 2002 to file the pretrial order. Cause will then be placed on the trial calendar.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 1 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 APR 18 PM 3:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD STRUCK, as Special )
Administrator of the Estate of )
STELLA STRUCK, Deceased, )
)
          Plaintiff, )
)
vs. ) 01 C 3563
)
UNITED STATES OF AMERICA, )
)
          Defendant. )

DOCKETED
APR 1 8 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the United States' motion for summary judgment. For the reasons set forth below, the motion is denied.

## BACKGROUND

In December 1999, Plaintiff Richard Struck's ("Struck") mother, Stella Struck ("Mrs. Struck"), wanted to cross Brandon Avenue in Chicago. At the curb, a postal vehicle obstructed the crosswalk. Mrs. Struck had to walk around the vehicle in order to cross Brandon. Kenneth Graczyk ("Graczyk") was turning his Blazer from 133rd Street onto Brandon. The path of the turn intersected Mrs. Struck's; the Blazer hit her,

14

causing her to fall to the pavement. The head injuries she sustained in the fall caused her death two days later.

Struck brought suit against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671-2680. The complaint in essence alleges that the driver of the postal truck was negligent in parking his vehicle where it would block the intersection. This negligence forced Mrs. Struck to walk around the vehicle, which in turn forced her to enter the roadway outside of the crosswalk. Struck alleges that this imposed deviation placed her in harm's way and thus proximately caused her injuries and eventual death. He seeks $750,000 in damages.

The United States now seeks summary judgment of the complaint, arguing that Struck's version of the events of that day are so illogical that no reasonable jury could give it credence.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the

pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Struck bases his theory of liability on the premise that the presence of the postal vehicle in the crosswalk prevented Mrs. Struck from crossing Brandon Avenue safely. Instead, he argues, Mrs. Struck was forced to walk around the vehicle, not only altering her position in the road but also preventing Graczyk from seeing her until it was too late. He contends that the presence of the postal truck was a proximate cause, though not the direct cause, of Mrs. Struck's injuries and death.

As is not unusual on a motion for summary judgment, the parties agree on some facts and disagree on others. The issue for us to decide, however, is not whether there is any agreement, but whether any of the disputed facts is material to the outcome of the action. Vargas-Harrison v. Racine Unified Sch. Dist., 272 F.3d 964, 970 (7th Cir. 2001), quoting Anderson, 477 U.S. at 249, 250. If they are, summary judgment cannot be granted. Zemco Mfg. Inc. v. Navistar Int'l Transp. Corp., 270 F.3d 1117, 1127 (7th

Cir. 2001). The disagreement in this case revolves around the following facts: whether Struck was inside the crosswalk, and therefore in view, or outside the crosswalk, hidden from view, until immediately before she was hit; whether Graczyk moved his vehicle after he hit Struck; whether Struck walked around the back of the postal truck, between it and another parked car, keeping her obscured from Graczyk's view; whether Struck was halfway across Brandon Avenue before she was hit or whether she emerged suddenly from between two parked cars; and whether she was hit by the passenger side or the driver's side of the Blazer.

Though we have serious doubts as to whether the presence of the truck was a proximate cause of the accident even if Struck proves all the facts that he alleges, the theory is plausible and the ultimate resolution of this case turns on determinations of the aforementioned facts. Issues such as these cannot be decided on a motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, the motion for summary judgment is denied.

	*Charles P. Kocoras*
	Charles P. Kocoras
	United States District Judge

Dated: ___April 18, 2002___

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD STRUCK, as Special )
Administrator of the Estate of )
STELLA STRUCK, Deceased, )
)
        Plaintiff, )
)
vs. )   01 C 3563
)
UNITED STATES OF AMERICA, )
)
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the United States' motion for summary judgment. For the reasons set forth below, the motion is denied.

## BACKGROUND

In December 1999, Plaintiff Richard Struck's ("Struck") mother, Stella Struck ("Mrs. Struck"), wanted to cross Brandon Avenue in Chicago. At the curb, a postal vehicle obstructed the crosswalk. Mrs. Struck had to walk around the vehicle in order to cross Brandon. Kenneth Graczyk ("Graczyk") was turning his Blazer from 133rd Street onto Brandon. The path of the turn intersected Mrs. Struck's; the Blazer hit her,

causing her to fall to the pavement. The head injuries she sustained in the fall caused her death two days later.

Struck brought suit against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671-2680. The complaint in essence alleges that the driver of the postal truck was negligent in parking his vehicle where it would block the intersection. This negligence forced Mrs. Struck to walk around the vehicle, which in turn forced her to enter the roadway outside of the crosswalk. Struck alleges that this imposed deviation placed her in harm's way and thus proximately caused her injuries and eventual death. He seeks $750,000 in damages.

The United States now seeks summary judgment of the complaint, arguing that Struck's version of the events of that day are so illogical that no reasonable jury could give it credence.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the

pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Struck bases his theory of liability on the premise that the presence of the postal vehicle in the crosswalk prevented Mrs. Struck from crossing Brandon Avenue safely. Instead, he argues, Mrs. Struck was forced to walk around the vehicle, not only altering her position in the road but also preventing Graczyk from seeing her until it was too late. He contends that the presence of the postal truck was a proximate cause, though not the direct cause, of Mrs. Struck's injuries and death.

As is not unusual on a motion for summary judgment, the parties agree on some facts and disagree on others. The issue for us to decide, however, is not whether there is any agreement, but whether any of the disputed facts is material to the outcome of the action. Vargas-Harrison v. Racine Unified Sch. Dist., 272 F.3d 964, 970 (7th Cir. 2001), quoting Anderson, 477 U.S. at 249, 250. If they are, summary judgment cannot be granted. Zemco Mfg, Inc. v. Navistar Int'l Transp. Corp., 270 F.3d 1117, 1127 (7th

Cir. 2001). The disagreement in this case revolves around the following facts: whether Struck was inside the crosswalk, and therefore in view, or outside the crosswalk, hidden from view, until immediately before she was hit; whether Graczyk moved his vehicle after he hit Struck; whether Struck walked around the back of the postal truck, between it and another parked car, keeping her obscured from Graczyk's view; whether Struck was halfway across Brandon Avenue before she was hit or whether she emerged suddenly from between two parked cars; and whether she was hit by the passenger side or the driver's side of the Blazer.

Though we have serious doubts as to whether the presence of the truck was a proximate cause of the accident even if Struck proves all the facts that he alleges, the theory is plausible and the ultimate resolution of this case turns on determinations of the aforementioned facts. Issues such as these cannot be decided on a motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, the motion for summary judgment is denied.

Charles P. Kocoras
United States District Judge

Dated: ___April 18, 2002___

-4-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD STRUCK, as Special )
Administrator of the Estate of )
STELLA STRUCK, Deceased, )
)
Plaintiff, )
)
vs. ) 01 C 3563
)
UNITED STATES OF AMERICA, )
)
Defendant. )

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the United States' motion for summary judgment. For the reasons set forth below, the motion is denied.

## BACKGROUND

In December 1999, Plaintiff Richard Struck's ("Struck") mother, Stella Struck ("Mrs. Struck"), wanted to cross Brandon Avenue in Chicago. At the curb, a postal vehicle obstructed the crosswalk. Mrs. Struck had to walk around the vehicle in order to cross Brandon. Kenneth Graczyk ("Graczyk") was turning his Blazer from 133rd Street onto Brandon. The path of the turn intersected Mrs. Struck's; the Blazer hit her,

causing her to fall to the pavement. The head injuries she sustained in the fall caused her death two days later.

Struck brought suit against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671-2680. The complaint in essence alleges that the driver of the postal truck was negligent in parking his vehicle where it would block the intersection. This negligence forced Mrs. Struck to walk around the vehicle, which in turn forced her to enter the roadway outside of the crosswalk. Struck alleges that this imposed deviation placed her in harm's way and thus proximately caused her injuries and eventual death. He seeks $750,000 in damages.

The United States now seeks summary judgment of the complaint, arguing that Struck's version of the events of that day are so illogical that no reasonable jury could give it credence.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the

- 2 -

pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Struck bases his theory of liability on the premise that the presence of the postal vehicle in the crosswalk prevented Mrs. Struck from crossing Brandon Avenue safely. Instead, he argues, Mrs. Struck was forced to walk around the vehicle, not only altering her position in the road but also preventing Graczyk from seeing her until it was too late. He contends that the presence of the postal truck was a proximate cause, though not the direct cause, of Mrs. Struck's injuries and death.

As is not unusual on a motion for summary judgment, the parties agree on some facts and disagree on others. The issue for us to decide, however, is not whether there is any agreement, but whether any of the disputed facts is material to the outcome of the action. Vargas-Harrison v. Racine Unified Sch. Dist., 272 F.3d 964, 970 (7th Cir. 2001), quoting Anderson, 477 U.S. at 249, 250. If they are, summary judgment cannot be granted. Zemco Mfg, Inc. v. Navistar Int'l Transp. Corp., 270 F.3d 1117, 1127 (7th

Cir. 2001). The disagreement in this case revolves around the following facts: whether Struck was inside the crosswalk, and therefore in view, or outside the crosswalk, hidden from view, until immediately before she was hit; whether Graczyk moved his vehicle after he hit Struck; whether Struck walked around the back of the postal truck, between it and another parked car, keeping her obscured from Graczyk's view; whether Struck was halfway across Brandon Avenue before she was hit or whether she emerged suddenly from between two parked cars; and whether she was hit by the passenger side or the driver's side of the Blazer.

Though we have serious doubts as to whether the presence of the truck was a proximate cause of the accident even if Struck proves all the facts that he alleges, the theory is plausible and the ultimate resolution of this case turns on determinations of the aforementioned facts. Issues such as these cannot be decided on a motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, the motion for summary judgment is denied.

Charles P. Kocoras
United States District Judge

Dated: _____April 18, 2002_____